CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

NOV 01 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

CHARLOTTESVILLE DIVISION

| | |
|---|---|
| FITZGERALD, Angela C. <br><br> Plaintiff, <br><br> v. <br><br> LITTLEJOHN'S ENTERPRISES, LLC, <br><br> and COLLEEN STRONG <br><br> Defendants. | Civ. No: 3:16CV00076 |

# COMPLAINT

## Preliminary Statement

1.  Plaintiff Angela C. Fitzgerald ("Plaintiff") sues her former employer Littlejohn's Enterprises, LLC and Proprietor, Colleen Strong ("Defendants"), for failure to pay her for all the hours she worked and at the agreed-upon hourly rate. Ms. Fitzgerald worked for the Defendants as a sandwich maker from March 2015 until July 2015. Defendants underpaid Ms. Fitzgerald regularly, in violation of wage and hours laws under the Fair Labor Standards Act ("FLSA"), Virginia contract law, and common law *quantum meruit*, in the alternative. Soon after Ms. Fitzgerald asserted her rights to the unpaid wages, Defendants unlawfully retaliated by first reducing her hours and later terminating her employment in violation of the FLSA.

1

### Jurisdiction and Venue

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. Jurisdiction over Plaintiffs' FLSA claims is conferred upon this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court may exercise supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a), as they form part of the same case or controversy.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c).

### PARTIES

### Plaintiff

5. Plaintiff Angela C. Fitzgerald is an adult resident of Charlottesville, Virginia, who was employed by the Defendants as a sandwich maker from March 2015 to July 2015.

### Defendants

6. Defendant Littlejohn's Enterprises, LLC is a Virginia limited liability company with its principal place of business in Charlottesville, Virginia. Littlejohn's Enterprises, LLC does business as and exists in order to operate Littlejohn's New York Delicatessen.

7. Defendant Colleen Strong is an adult resident of Crozet, VA. She is, on information and belief, the sole proprietor, owner, and operator of Littlejohn's Enterprises, LLC.

### FACTS

8. Littlejohn's New York Delicatessen is a restaurant in the Charlottesville, Virginia that has been in existence since 1976 and is open 24 hours a day, seven days a week.

9. Littlejohn's New York Delicatessen is a part of a group of Littlejohn's restaurants in Charlottesville, Virginia. In total, there are three Littlejohn's restaurants.

10. Upon information and belief, Colleen Strong is the sole proprietor, owner, and operator of all three Littlejohn's restaurants.

11. Littlejohn's Enterprises, LLC constitutes a single enterprise with the other three Littlejohn's restaurants for purposes of FLSA liability.

12. On information and belief, the gross annual business volume of Littlejohn's Enterprises, LLC exceeded $500,000.00 at all times relevant to this action.

13. Plaintiff Angela C. Fitzgerald worked as an employee of Littlejohn's New York Delicatessen from March 2015 until July 8, 2015.

14. Ms. Fitzgerald worked as a sandwich maker at Littlejohn's New York Delicatessen. As a sandwich maker, Ms. Fitzgerald prepared sandwiches for customers who placed orders at the restaurant, over the telephone, and online. She was responsible for cleaning and restocking her workstation in the front end of the restaurant. Ms. Fitzgerald also occasionally swiped credit cards to accept payment for food orders.

15. In March 2015, Ms. Fitzgerald worked the day shift at Littlejohn's New York Delicatessen from 7:00 a.m. until 3:00 p.m. and was paid $8.00 per hour.

16. In April 2016, former co-owner of Littlejohn's New York Delicatessen, Chris Strong, increased Ms. Fitzgerald's hourly day shift rate from $8.00 per hour to $10.00 per hour.

17. On or about April 20, 2015, Ms. Fitzgerald began working overnight shifts from 11:00 p.m. to 6:00 a.m. Former co-owner, Chris Strong, agreed to pay Plaintiff $12.00 per hour for overnight shifts.

18. Upon belief and information, Colleen Strong and Scott Spencer, took over the ownership and operation of Littlejohn's New York Delicatessen on May 15, 2015.

3

19. During the week of May 10, 2015, Ms. Fitzgerald notified Ms. Strong orally that she had not been paid at the correct hourly rate for the overnight shifts she had worked.

20. On May 29, 2015, Ms. Fitzgerald notified co-owners, Ms. Strong and Mr. Spencer, in writing that she still had not been paid at the correct hourly rate and was owed $157.00 in unpaid wages.

21. On June 6, 2015, Ms. Strong responded in writing and informed Ms. Fitzgerald that the new owners would not be responsible for wage issues prior to their takeover on May 15, 2016. Ms. Strong confirmed in writing that Ms. Fitzgerald's hourly pay rate was $10.00 per hour for day shifts and $12.00 per hour for overnight shifts and that adjustments would be made moving forward. Ms. Strong also enclosed a check for $130.00 in back pay written from Littlejohn's Enterprises, LLC's bank account. The check was subsequently returned due to insufficient funds.

22. On information and belief, Ms. Fitzgerald's hours were drastically reduced after she began complaining orally and in writing about her unpaid wages. Ms. Fitzgerald went from being scheduled to work about 38 hours per week to being scheduled to work about 15 hours per week.

23. On June 20, 2015, Ms. Fitzgerald notified co-owners, Ms. Strong and Mr. Spencer, in writing again that for the past three week period she was either not paid for all the hours she worked or not paid at the proper hourly rate and was owed $159.50.

24. On June 23, 2015, Ms. Fitzgerald notified Ms. Strong in writing that she was once again was not paid at the proper hourly rate and was owed $27.50.

25. On June 29, 2015, Ms. Fitzgerald met with Ms. Strong and reminded her that she would not be attending a mandatory staff meeting on July 7, 2017 because she would be out-of-

4

town on a pre-approved vacation. During this meeting, Ms. Strong provided Ms. Fitzgerald with a check for $27.50 for unpaid wages and excused Ms. Fitzgerald's absence from the upcoming mandatory staff meeting.

26. Littlejohn's Enterprises, LLC had a policy of not paying their employees for attending mandatory staff meetings.

27. On July 8, 2015, Ms. Strong called Mr. Fitzgerald and terminated her employment with Littlejohn's New York Delicatessen for insubordination. Specifically, Ms. Strong cited Ms. Fitzgerald's absence from the mandatory staff meeting on July 7, 2015 and failure to sign the employee handbook as the reasons for termination. However, Ms. Strong had excused Ms. Fitzgerald's absence from the mandatory staff meeting and Mr. Fitzgerald did not sign the employee handbook because several rules concerning employees were outdated.

28. On information and belief, Ms. Strong fired Ms. Fitzgerald because she complained orally and in writing about her unpaid wages.

29. Despite Ms. Fitzgerald's numerous oral and detailed written complaints, at the time of termination Ms. Fitzgerald was still owed $223.00 in unpaid wages.

## CAUSES OF ACTION

### Count I: Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

30. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 29 above.

31. Pursuant to 29 U.S.C. § 216(b), Plaintiff consented in writing to be a party in this FLSA action. A written consent is attached to this Complaint.

32. At all times relevant to this action, Plaintiff was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e)(1).

33. At all times relevant to this action, Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(d).

34. At all times relevant to this action, Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

35. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce or was employed by Defendants in an enterprise engaged in commerce or the production of goods for commerce.

36. By failing to pay Plaintiff her lawful minimum wage, as set forth above, Defendants violated the minimum wage provisions of the FLSA 29 U.S.C. § 206–207 and thus, Defendants are liable to her in damages.

37. These violations were willful violations within the meaning of the FLSA, 29 U.S.C. § 255(a).

## Count II. Fair Labor Standards Act (retaliation)

38. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 37 above.

39. The anti-retaliation provision of the FLSA provides that " . . . it shall be unlawful for any [employer] . . . to discharge or in any other manner discriminate against any employee because such employee has *filed any complaint* or instituted or caused to be instituted any proceeding under or related to his chapter . . ." 29 U.S.C. § 215(a)(3) (emphasis added). According to the Fourth Circuit, intra-company complaints regarding potential FLSA violations – both oral and written – are protected activity within the meaning of "filed any complaint" anti-retaliation provision. *See Minor v. Bostwick Laboratories Inc.*, 669 F.3d 428, 438-439 (4th Cir. 2012).

6

40. Plaintiff asserted her rights under the FLSA and complained orally and in writing on a number of occasions about not being paid her agreed-upon hourly wage for all hours worked. Defendants first reduced Plaintiff's hours and subsequently fired her in retaliation for her asserting her rights under the FLSA and complaining about the unpaid wages.

41. Under the anti-retaliation of the FLSA, Plaintiff is entitled to recover economic damages such as, back and front wages, and emotional distress damages. 29 U.S.C. § 216(b).

## Count III. Virginia Common Law Breach of Contract

42. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 41 above.

43. By failing to pay Plaintiff her agreed-upon hourly wage and for all hours worked Defendants breached their contract with Plaintiff, to her injury, and are liable to her in damages under Virginia common law breach of contract.

## Count IV. Virginia Common Law *Quantum Meruit*

44. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 43 above.

45. In the alternative to Count III, Defendants failed to pay Plaintiff and rendered themselves liable to her in damages under the Virginia common law of *quantum meruit* by unjustly enriching themselves at Plaintiff's expense and to Plaintiff's injury, under circumstances in which the Defendants acquiesced to Plaintiff's provision of services and was aware of Plaintiff's expectation to be compensated.

## Requested Relief

Wherefore, Plaintiff respectfully requests that this court provide the following relief:

7

1. A declaration that the Defendants' actions willfully violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;

2. Under Count I, an award of Plaintiff's actual damages under the FLSA in the amount of all unpaid minimum wages and overtime, in an amount appropriate to the proof at trial against Defendants;

3. Under Count I, award Plaintiff an additional equal amount as liquidated damages against Defendants pursuant to 29 U.S.C.§ 216(b);

4. Under Count II, an award of Plaintiff's lost wages and other compensatory and consequential damages, including pain, suffering, and emotional distress, caused by the retaliatory reduction in her hours and subsequent termination, in an amount appropriate to the proof at trial against Defendants;

5. Under Count II, punitive damages in an amount appropriate to the proof at trial against Defendants;

6. Under Counts III and IV, an award of Plaintiff's actual damages under the Virginia contract and *quantum meruit* claims, in an amount appropriate to the proof at trial, against Defendants;

7. Pre- and post-judgment interest on all awards of damages;

8. An award of Plaintiff's costs and reasonable attorney's fees, as appropriate under the Fair Labor Standards Act, 29 U.S.C. § 216(b), against Defendants; and

9. Such other and further relief as this court deems necessary and proper.

Plaintiff demands trial by jury.

Respectfully submitted this __1__ day of __November__, 2016,

Angela C. Fitzgerald

By Counsel

*/s/ Tanishka Cruz*

**Tanishka V. Cruz,** VSB#87213
LEGAL AID JUSTICE CENTER
1000 Preston Avenue, Suite A
Charlottesville, VA 22903
Tel: (434) 529-1811
Fax: (434) 977-0558
E-mail: tanishka@justice4all.org

**Simon Sandoval-Moshenberg,** VSB#77110
LEGAL AID JUSTICE CENTER
6400 Arlington Boulevard, Suite 600
Falls Church, VA 22042
Tel: (703) 778-3450 x 405
Fax: (703) 778-3454 (fax)
Email: simon@justice4all.org

ATTORNEYS FOR PLAINTIFF

9

## CONSENT TO SUE

I hereby agree and consent to be a party plaintiff in a lawsuit under the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"). A copy of this consent shall have the same affect as the original.

_Angela Fitzgerald_
Name of Plaintiff

_Angela Fitzgerald_
Signature of Plaintiff