IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

CHARLOTTESVILLE DIVISION

| | |
|---|---|
| FITZGERALD, Angela C. | ) |
| Plaintiff, | ) |
| v. | ) Civ. No: 3:16-cv-00076-NKM |
| LITTLEJOHN'S ENTERPRISES, LLC, | ) |
| and COLLEEN STRONG | ) |
| Defendants. | ) |

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This SETTLEMENT AGREEMENT AND MUTUAL RELEASE is made and entered into as of the 14 day of March, 2017 (the "Effective Date") by and between Angela C. Fitzgerald ("Fitzgerald"), Littlejohn's Enterprises, LLC ("Littlejohn's"), a Virginia limited liability corporation, and Colleen Strong ("Strong"). Fitzgerald, Littlejohn's, and Strong shall collectively be referred to herein as the "Parties."

## RECITALS

WHEREAS, Littlejohn's is a group of restaurants located at in Charlottesville, VA and Crozet, VA; and

WHEREAS, Fitzgerald is a former employee of Littlejohn's whose employment was terminated on or about July 8, 2015; and

WHEREAS, a dispute has arisen between the Parties concerning the proper compensation owed to Fitzgerald for services she performed for the benefit of Littlejohn's and concerning Littlejohn's and Strong's alleged retaliatory conduct; and

WHEREAS, this dispute has culminated in the lawsuit captioned as *Fitzgerald v. Littlejohn's Enterprises, LLC*, Case No. 3:16-cv-00076, filed by Fitzgerald in the Charlottesville Division of the U.S. District Court for the Western District of Virginia (the "Action"); and

WHEREAS, Defendants have and continue to deny the allegations contained in the Action, and any liability to the Plaintiff for the claims contained therein; and

WHEREAS, without admitting any of the allegations made in the Action, or admitting fault or conceding liability in any way whatsoever, the Parties desire to purchase peace and avoid the uncertainty and expense of further litigation; and

WHEREAS, in consideration of the covenants and agreements set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## AGREEMENT

1. <u>Payment Terms</u>: Defendant shall pay to Plaintiff the total sum of Five thousand one hundred forty-five Dollars and fifty-three cents ($5,145.53), apportioned as follows:

    a. Defendant shall pay to Angela Fitzgerald, by certified checks made out to the same:

        i. the amount of Two thousand six hundred forty-five dollars and fifty-three cents ($2,645.53) by March 30, 2017,
        ii. the amount of Two thousand five hundred dollars ($2,500.00) by April 30, 2017,

    b. All payments shall be delivered to the care of Tanishka V. Cruz at 1000 Preston Avenue, Suite A, Charlottesville, VA 22903.

    c. Ms. Fitzgerald agrees that the amounts recited in paragraphs 1(a) above shall serve as the sole monetary consideration for this Agreement, the sufficiency of which is acknowledged by the parties hereto.

2. <u>Dismissal of the Action</u>: The Plaintiff shall file a stipulation of dismissal with prejudice 5 business days after receipt of final payment is confirmed. The stipulation of dismissal shall explicitly provide that the Court shall retain jurisdiction under *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994) to enforce the terms of this settlement agreement.

3. <u>Release</u>:

    a) Ms. Fitzgerald hereby fully and forever releases, acquits and discharges Littlejohn's and Ms. Strong, along with any of their employees, agents, affiliates, officers, directors, stockholders, consultants, servants, representatives, trustees, heirs, successors and assigns (the "Releasees") of and from any and all contracts, agreements, promises, covenants, actions, causes of actions, suits, proceedings, claims, counterclaims, debts, obligations, duties, demands, damages, liabilities, losses, costs and expenses, of each and every kind, nature and description

whatsoever, whether at law or in equity, known or unknown, foreseen or unforeseen, which Ms. Fitzgerald ever had, now has, or hereinafter may have against any of the Releasees arising out of or in connection with any matter, cause or thing whatsoever, arising from the beginning of the world through the date of execution of this agreement, including, but not limited to any and all claims and matters arising out of or related to Ms. Fitzgerald's employment with Littlejohn's; provided, however, that nothing in this paragraph shall be construed to waive any party's right to enforce any provision of this Agreement.

b) Littlejohn's and Ms. Strong, on behalf of themselves and any of their employees, agents, affiliates, officers, directors, stockholders, consultants, servants, representatives, trustees, heirs, successors and assigns, hereby fully and forever releases, acquits and discharges Ms. Fitzgerald of and from any and all contracts, agreements, promises, covenants, actions, causes of actions, suits, proceedings, claims, counterclaims, debts, obligations, duties, demands, damages, liabilities, losses, costs and expenses, of each and every kind, nature and description whatsoever, whether at law or in equity, known or unknown, foreseen or unforeseen, which Littlejohn's or Ms. Strong ever had, now has, or hereinafter may have against Ms. Fitzgerald arising out of or in connection with any matter, cause or thing whatsoever, arising from the beginning of the world through the date of execution of this agreement, including, but not limited to any and all claims and matters arising out of or related to Ms. Fitzgerald's employment with Littlejohn's and Ms. Strong; provided, however, that nothing in this paragraph shall be construed to waive any party's right to enforce any provision of this Agreement.

c) <u>General Release</u>: It is understood and agreed by the Parties that the Release set forth above is a full and final mutual release of all claims of every nature and kind whatsoever, and releases claims that are known and unknown, suspected and unsuspected, developed or which may develop, other than for breaches of this Settlement Agreement and Mutual Release, arising prior to or on the date of execution thereof. Each party expressly assumes the risk of existing claims which are unknown or unsuspected (whether through ignorance, oversight, error, negligence or otherwise) and which, if known, would materially affect the releasing party's decision to enter into this Settlement Agreement and Mutual Release.

d) <u>Neutral Reference</u>: Defendants agree not to disparage Ms. Fitzgerald. Defendant agree that if they are ever asked for an employment reference for Ms. Fitzgerald, they will limit themselves to stating her dates of tenure, salary, and job description/job duties. The Parties acknowledge that this provision also is material to this Agreement, and a violation of this provision constitutes a breach of this Agreement.

e) <u>Confidentiality:</u> The terms of this Agreement shall be kept strictly confidential and shall not be disclosed to any third parties except as required by law, to comply with state and federal reporting requirements, or for legitimate business purposes such as reporting to reinsurers, underwriters, and tax advisors. To the extent any Party or other person bound by this confidentiality is asked about this matter, such Party or other person is permitted only to state that this matter has been resolved to the satisfaction of the Parties, and nothing further.

f) <u>Entire Agreement</u>: This Agreement constitutes the entire agreement of the Parties hereto with respect to the subject matter hereof, and may not be modified or amended except by a subsequent writing signed by the Parties hereto.

g) <u>Representations and Warranties of Capacity to Execute Agreement</u>: The Parties each represent and warrant that no other person or entity has or has had any legal interest in the claims, demands, obligations, or causes of action which are the subject of this Agreement, and that they have not sold, transferred, assigned, conveyed, or otherwise disposed of any such interest. Each signatory hereto represents that he has the right and authority to execute this Agreement and/or to receive the sums specified herein.

8. <u>Miscellaneous</u>:

a. <u>Counter-parts</u>: This Agreement may be executed in any number of separate counterparts, each of which counterparts, when so executed and delivered (including by electronic transmission) shall be deemed an original, and all of which counterparts, taken together, shall constitute one and the same binding Agreement. This agreement was entered into in the city of Charlottesville, Virginia, and its place of performance shall be deemed to be the city of Charlottesville, Virginia.

b. <u>Attorneys' Fees</u>: The parties agree that any dispute arising out of this Agreement which motivates a party to initiate a legal action to enforce the Agreement shall entitle the prevailing party in such action or proceeding to recover its reasonable attorneys' fees and costs incurred related thereto.

c. <u>Representation of Comprehension of Document</u>: In entering into this Settlement Agreement and Mutual Release, Ms. Fitzgerald represents and warrants that she has relied upon the legal advice of attorneys employed by the Legal Aid Justice Center, who are attorneys of Ms. Fitzgerald's own choosing, and that her attorneys have read the terms of this Settlement Agreement and Release have completely explained these terms to Ms. Fitzgerald fully understand and voluntarily accept those terms.

d. <u>Interpretation</u>: This Settlement Agreement and Mutual Release was negotiated at arms' length with each party having ample opportunity to receive advice from independent legal counsel. Only those rules of interpretation or construction of contracts in general shall apply. Each of the parties hereto participated in negotiating and drafting this Settlement Agreement and Mutual Release, and it is the intent of the parties that no one party shall be deemed to be the drafter of the Settlement Agreement and Mutual Release, or any of its provisions.

e. <u>Choice of Law</u>: This Settlement Agreement and Mutual Release shall be construed and interpreted in accordance with the laws of the Commonwealth of Virginia.

  f. <u>Severability</u>: If any provisions of this Agreement are held invalid by a court of competent jurisdiction, such provisions shall be fully severable and such invalidity shall not affect the validity of any other provisions herein.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the Effective Date set forth above.

03/27/17
Date

*[signature: Angela Fitzgerald]*
Angela Fitzgerald, in her individual capacity

3/27/17
Date

*[signature: Colleen Strong]*
Colleen Strong, in her individual capacity